UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred McCray,    #234007, | ) C/A No. 3:09-1872-RBH-JRM |
|                    Plaintiff, | ) |
| vs. | ) REPORT AND |
|  | ) RECOMMENDATION |
| Columbia Care Center, | ) |
|                    Defendant. | ) |

The plaintiff, Alfred McCray ("Plaintiff"), filed a *pro se* complaint in the United States District Court for the Northern District of Alabama, which subsequently transferred the case to this Court. Plaintiff is a prisoner serving time in Alabama, and is proceeding *in forma pauperis* under 28 U.S.C. § 1915 in this action.[1] The order transferring the case states that Plaintiff's pleading is "styled [as a] 'Petition for Writ of Mandamus' wherein he seeks an order compelling the Columbia Care Center of Columbia, South Carolina to comply with his Freedom of Information Act request to receive copies of his medical records from June 6, 2006, through December 18, 2008." Plaintiff fails to state a claim upon which the relief requested may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

---
[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Discussion

The pleading in this case is titled "petition for writ of mandamus" and seeks from the defendant "a copy of [Plaintiff's] medical files from June 6, 2006 thru December 18, 2008." Plaintiff is a prisoner serving a sentence imposed in Alabama. The petition states that from "June 6, 2006 thru December 2008, I was confined at Columbia Care Center at Columbia, S.C."[2] Plaintiff "was near death and Alabama D.O.C. sent me there for treatment." The petition states that Plaintiff has "sent three notarized requests to Columbia Care Center asking that they please give me a copy of my medical files." Plaintiff has received no response, and now seeks to "force compliance with the freedom of information laws." The petition indicates Plaintiff is seeking his medical records to address alleged negligence/ medical malpractice claims, as well as "getting to do post-convictions remedies" based on "equitable tolling... with my medical records as proof." No monetary damages are alleged.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Plaintiff, as the party seeking mandamus relief, carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Mallard v. United States Dist. Court*, 490 U.S. 296, 308 (1989). The Fourth Circuit Court of Appeals states

---

[2] Columbia Care Center, now known as the Columbia Regional Care Center, provides healthcare to detention and correctional institutions and is privately owned by Just Care, Inc. *See McKnight v. SC Dept. of Corrections*, et al., Op. No. 4615 (S.C. Court of Appeals September 9, 2009); *see also* Just Care, http://www.justcareinc.com (last visited September 21, 2009).

that:

> "[t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

*In re Braxton,* 258 F.3d 250, 261 (4th Cir. 2001), *citing United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502 (4th Cir. 1999). The petitioner fails to state a claim that mandates the drastic remedy of mandamus relief because Plaintiff has "other adequate means to attain the relief he desires." *Id.* South Carolina state law provides the Physicians' Patient Records Act, which includes S.C. Code Ann. § 44-115-30, that promulgates a patient's right to receive a copy of his medical records. Plaintiff may file in state court based on state law,[3] therefore, he has another adequate means to attain his medical records from the Defendant, and fails to state a claim for mandamus relief.

In as much as Plaintiff is seeking to enforce freedom of information laws, his complaint fails to state a claim. The complaint refers to the federal Freedom of Information Act, 5 U.S.C. § 522. The Defendant Columbia Care Center, however, is not a federal agency as defined in 5 U.S.C. § 551(1)('agency' means each authority of the Government of the United States'), so is not subject to the Freedom of Information Act. The federal law is not applicable to the defendant in this case.

---

[3] State law claims can be considered in federal court if diversity jurisdiction exists. To establish diversity jurisdiction in a federal district court, 28 U.S.C. § 1332(a) requires the controversy must be" between citizens of different States" and the amount in controversy must "exceed the sum or value of $75,000 exclusive of interest and costs."*Id.* When seeking injunctive relief, "the test of the jurisdictional amount is the value of the right that is to be protected." *Miles Laboratories v. Seignious*, 30 F. Supp. 549, 554 (D.S.C. 1939). The complaint does not claim diversity jurisdiction. *See* Federal Rule of Civil Procedure 8(a)(1)(pleading required to state "a short and plain statement of the grounds for the court's jurisdiction.").

Similarly, the South Carolina Freedom of Information Act, S.C. Code Ann. § 30-4-10, *et seq.*, applies to a "public body." *See* SC Code Ann. § 30-4-20 ("'Public body' means any department of the State...."). The defendant is not a public body. The Defendant Columbia Care Center is not a federal agency or state "public body" for purposes of application of freedom of information laws. The complaint fails to state a claim under federal or state freedom of information laws.

In as much as the complaint could be construed as a civil rights action under 42 U.S.C. § 1983, claiming a property right in Plaintiff's medical records, the complaint fails to allege facts that state a claim. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint does not assert a property interest in or due process right to Plaintiff's medical records, and the complaint fails to allege facts to establish that the Defendant acted under color of state law. *See Phillips v. Robinson*, 1995 WL 460563, 1, n.* (4th Cir.)(unpublished)(Although "troubled by the officials' repeated refusals to provide [plaintiff] with copies of his medical records," noted that plaintiff "has never asserted a property interest in or due process right to his medical records.") To act under color of state law for purposes of § 1983, an individual's action that allegedly causes the deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). State action is required because "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978). The actions of the Defendant that is alleged to have caused harm to Plaintiff do not establish a sufficiently close nexus between a state and the

challenged action so that the action of the Defendant Columbia Care Center may be fairly treated as that of the state itself. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) (sufficiently close nexus required). The complaint fails to state a § 1983 claim against the Defendant.

Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process based on 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal for failure to state a claim on which relief may be granted).

Joseph R. McCrorey
United States Magistrate Judge

October 1, 2009
Columbia, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).